UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex rel.,
ROBERT BAKER,

    Plaintiff-Relator,

-vs-

MICHIGAN ALLIED HEALTH PROFESSIONALS, INC., a Michigan corporation; REHABILITATION SPECIALISTS OF LIVINGSTON COUNTY, INC., a Michigan corporation d/b/a REHABILITATION SPECIALISTS OF MICHIGAN, REHABILITATION SPECIALISTS OF SOUTH MACOMB, REHABILITATION SPECIALISTS OF CLINTON TOWNSHIP, and REHABILITATION SPECIALISTS OF MACOMB COUNTY; IN HOME THERAPIES, INC., a Michigan corporation; BRADLEY PUTVIN; VICKEY DeYOUNG and GARY DeYOUNG, Jointly and Severally,

    Defendants.
_____/

00-74410

Civil Action No:

HON: JOHN CORBETT O'MEARA

FILED IN CAMERA AND
UNDER SEAL
MAGISTRATE JUDGE MORGAN



SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
PATRICIA A. STAMLER (P35905)
JUSTIN C. RAVITZ (P19257)
Attorneys for Plaintiff-Relator
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300
_____/

## COMPLAINT FOR VIOLATION OF FALSE CLAIMS ACT (QUI TAM) AND DEMAND FOR JURY TRIAL

Plaintiff ROBERT BAKER, on behalf of the United States of America, by and through his attorneys, SOMMERS SCHWARTZ SILVER & SCHWARTZ, P.C., hereby files this Complaint under the False Claims Act, 21 U.S.C. § 3729 et seq., and states as follows:

## PARTIES

1. Plaintiff ROBERT BAKER (hereinafter "RELATOR") is a citizen and resident of the State of Michigan, United States of America, and brings this action on behalf of the United States of America.

2. Defendant MICHIGAN ALLIED HEALTH PROFESSIONALS, INC. (hereinafter "MAHP") is for all times relevant to this Complaint, a Michigan corporation corporate I.D. # 344327 licensed to do business and is doing business in the State of Michigan, located in Bingham Farms, Michigan and has as its resident agent Defendant BRADLEY PUTVIN.

3. Defendant REHABILITATION SPECIALISTS OF LIVINGSTON COUNTY, INC. (hereinafter "LIVINGSTON COUNTY") corporate I.D. #488299 is for all times relevant to this Complaint, a Michigan corporation licensed to do business and is doing business in Michigan and has as its resident agent Defendant BRADLEY PUTVIN and the following entities are operating as assumed names for Defendant LIVINGSTON COUNTY:

   a. REHABILITATION SPECIALISTS OF MICHIGAN is located in Brighton, Michigan and has as its resident agent Defendant BRADLEY PUTVIN;

   b. REHABILITATION SPECIALISTS OF SOUTH MACOMB (hereinafter "SOUTH MACOMB") is located in Warren, Michigan and has as its resident agent Defendant BRADLEY PUTVIN.

   c. REHABILITATION SPECIALISTS OF CLINTON TOWNSHIP (hereinafter "CLINTON TOWNSHIP") is located in Clinton Township, Michigan and has as its resident agent Defendant BRADLEY PUTVIN.

2

       d.     REHABILITATION SPECIALISTS OF MACOMB COUNTY (hereinafter "MACOMB COUNTY") is located in Romeo, Michigan and has as its resident agent Defendant BRADLEY PUTVIN.

       4.     Defendant IN HOME THERAPIES, INC. (hereinafter "IN HOME") corporate I.D. #368717 is for all times relevant to this Complaint, a Michigan corporation and is licensed to do business and is doing business in the State of Michigan and is located either in Bingham Farms, Michigan and/or Brighton, Michigan and has as its resident agent Defendant BRADLEY PUTVIN.

       5.     Defendant BRADLEY PUTVIN (hereinafter "PUTVIN") is for all times relevant to this Complaint, the owner and president of Defendants MICHIGAN ALLIED HEALTH PROFESSIONALS, INC., REHABILITATION SPECIALISTS OF LIVINGSTON COUNTY, INC. and its assumed names: REHABILITATION SPECIALISTS OF MICHIGAN, REHABILITATION SPECIALISTS OF SOUTH MACOMB, REHABILITATION SPECIALISTS OF CLINTON TOWNSHIP, REHABILITATION SPECIALISTS OF MACOMB COUNTY, and IN HOME THERAPIES, INC., and upon information and belief, is licensed as a Physical Therapist and upon information and belief, is a resident of Oakland County, Michigan, United States of America.

       6.     Defendant VICKEY DeYOUNG (hereinafter "DeYOUNG") is for all times relevant to this Complaint, an employee of Defendant MAHP and holds the position of Chief Operating Officer (COO) for Defendant MAHP and is for all times relevant to this Complaint, a resident of the State of Michigan, United States of America.

       7.     Defendant GARY DeYOUNG is for all times relevant to this Complaint, an employee of Defendant MAHP in the capacity of an accountant for the organization and is a resident of the State of Michigan, United States of America.

## JURISDICTION AND VENUE

8. This is an action to recover damages and civil penalties, on behalf of the United States of America, arising under the False Claims Act, 31 U.S.C. § 3729 et seq., which provides, inter alia, that the United States District Courts shall have exclusive jurisdiction of actions brought under this Act.

9. Pursuant to 31 U.S.C. § 3732(a), "any action under Section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by Section 3729 occurred."

10. The acts complained of herein occurred in Warren, Michigan, Romeo, Michigan, Bingham Farms, Michigan and Brighton, Michigan all located within this judicial district.

11. Pursuant to 31 U.S.C. § 3729 et seq., this Complaint is to be filed in camera and under seal, and is to remain under seal for a period of at least 60 days and shall not be served on Defendants until the Court so orders. Further, the Government may elect to intervene and proceed with the action within the 60 day time frame after it receives both the Complaint and the material evidence submitted to it.

12. Jurisdiction is proper based upon 28 U.S.C. § 1345 and 31 U.S.C. § 3732(a).

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 31 U.S.C. § 3732(a).

## GENERAL ALLEGATIONS

14. Plaintiff RELATOR became a licensed Physical Therapist in 1975 and has remained a licensed Physical Therapist without interruption from that date to the present.

15. Plaintiff RELATOR owned and operated his own business entitled Clinton Commons Rehabilitation Services, P.C., located in Clinton Township.

16. Clinton Commons Rehabilitation Services, P.C. was certified as an individual physical therapy facility.

4

17. On or about September 1997, Plaintiff RELATOR sold Clinton Commons Rehabilitation Services, P.C. to Defendant MAHP.

18. Plaintiff RELATOR by way of a separate employment agreement became an employee of Defendant MAHP simultaneously with the sale of Clinton Commons Rehabilitation Services, P.C.

19. On or about September 1997, Clinton Commons Rehabilitation Services, P.C., subsequent to its sale to MAHP, became REHABILITATION SPECIALISTS OF CLINTON TOWNSHIP (CLINTON TOWNSHIP), an assumed name for Defendant LIVINGSTON COUNTY.

20. Plaintiff RELATOR began his employment with the CLINTON TOWNSHIP facility on or about September 1997 in the capacity of Manager.

21. Plaintiff RELATOR'S job responsibilities included the provision of physical therapy services to individuals on an out-patient basis and the supervision of another physical therapist and two physical therapy assistants.

22. Defendant MAHP held the responsibility for and did do the billing for, inter alia, the CLINTON TOWNSHIP facility.

23. Defendant MAHP's billing practices for the CLINTON TOWNSHIP facility from approximately September 1997 to April 1998, was done off site in the following fashion:

    a. For approximately 1 ½ months, Defendant MAHP billed for the CLINTON TOWNSHIP facility through its MACOMB COUNTY facility located in Romeo, Michigan;

    b. Then for approximately 2 months, Defendant MAHP billed for the CLINTON TOWNSHIP facility through the Defendant LIVINGSTON COUNTY facility located in Brighton, Michigan;

    c. Then for approximately 1-½ months, Defendant MAHP billed for the CLINTON TOWNSHIP facility through Defendant MAHP.

d. Then for approximately 1 month, Defendant MAHP billed for the CLINTON TOWNSHIP facility through Defendant LIVINGSTON COUNTY facility located in Brighton, Michigan.

24. Plaintiff RELATOR protested this off-site billing process for multiple reasons including, but not limited to, his inability to track the accounts receivables for the CLINTON TOWNSHIP facility.

25. Defendant MAHP, after much protest by Plaintiff RELATOR, did finally move the billing for the CLINTON TOWNSHIP facility on-site in Clinton Township.

26. Plaintiff RELATOR repeatedly requested that Defendant MAHP, through its owner and president, Defendant BRADLEY PUTVIN, produce to him the monthly profit and loss statements for the facility.

27. Defendant MAHP and Defendant BRADLEY PUTVIN failed to provide the requested profit/loss statements to Plaintiff RELATOR.

28. It is axiomatic that for an out-patient facility to receive Medicare reimbursement it must be certified as a Medicare provider.

29. In the instance of a rehabilitation facility providing physical therapy services on an out-patient basis, said facility must have a Medicare certification as an out-patient physical therapy facility (hereinafter "OPT").

30. On or about August 27, 1999, Defendant MAHP, through its owner and president and its agent/employee Defendants PUTVIN and DeYOUNG terminated Plaintiff RELATOR'S employment with Defendant MAHP.

31. Defendants MAHP, PUTVIN, DeYOUNG and GARY DeYOUNG engaged in a fraudulent billing scheme whereby they billed or caused to be billed to Medicare billings from sites that were non-certified Medicare sites through sites that were Medicare certified. By way of example and not limitation:

6

a. Plaintiff RELATOR became a contract employee of Defendant MAHP subsequent to the sale of his prior business as detailed above;

b. Plaintiff RELATOR as a licensed Physical Therapist was contracted out by Defendant MAHP to provide physical therapy to patients at the CLINTON TOWNSHIP facility on a full-time basis;

c. Plaintiff RELATOR provided physical therapy services on a daily basis and upon information and belief the facility treated approximately 110 individuals per week;

d. Of the 110 visits per week at the CLINTON TOWNSHIP facility, approximately 25% of those patients were covered by Medicare benefits;

e. Defendant MAHP through Defendants PUTVIN, DeYOUNG and GARY DeYOUNG, funneled billings for the physical therapy services rendered at the CLINTON TOWNSHIP site, a non-certified site, through Medicare certified sites of either the MACOMB COUNTY facility or Defendant LIVINGSTON COUNTY facility.

f. In addition, on a sporadic basis, occupational therapy services and social work services were performed at CLINTON TOWNSHIP facility and, upon information and belief, these Medicare services were also billed off-site through a certified site, at either the MACOMB COUNTY facility or Defendant LIVINGSTON COUNTY facility;

g. The CLINTON TOWNSHIP facility was for all times relevant to this Complaint not a certified Medicare provider;

h. Defendant MAHP through Defendants PUTVIN, DeYOUNG and GARY DeYOUNG and other agents and/or employees circumvented the Medicare certification requirements and falsely billed Medicare for services that would not otherwise have been covered by Medicare in a non-certified facility.

7

32. In addition, Defendant MAHP provided contract employees to the SOUTH MACOMB facility located in Warren, Michigan.

33. The SOUTH MACOMB facility was for all times relevant to this Complaint not a certified Medicare provider.

34. Upon information and belief, Defendants MAHP, PUTVIN, DeYOUNG and GARY DeYOUNG and other agents and employees circumvented the Medicare certification requirements and falsely billed Medicare for services rendered at the SOUTH MACOMB facility and billed said services through the MACOMB COUNTY and/or LIVINGSTON COUNTY facilities.

35. The CLINTON TOWNSHIP facility and the SOUTH MACOMB facility, in order for them to bill Medicare for services provided at either location had to be certified either as a Medicare provider or as an extension site to a certified Medicare provider.

36. Neither Defendant CLINTON TOWNSHIP facility nor Defendant SOUTH MACOMB facility was an extension site to a certified Medicare provider.

37. Defendant MAHP through Defendants PUTVIN and DeYOUNG contracted with a nursing home facility entitled Autumn Woods, located in Warren, Michigan to provide occupational therapy, physical therapy and speech therapies.

38. Upon information and belief, Defendants MAHP, PUTVIN and DeYOUNG submitted Medicare billings and received payment for such services at Autumn Woods despite the fact that such services were not provided or, though provided, were unnecessary. By way of example:

    a. Plaintiff RELATOR has been advised that certain patients residing at Autumn Woods would be charged for physical therapy three times in one day;

8

b. That the facility ran without a licensed therapist on-site for a number of weeks and that during these time periods, therapy was provided by non-licensed aides but charged as being performed by licensed therapists.

39. In addition, Defendants presented or caused to be presented fraudulent statements to the Federal Government of costs billed for expenses that were not actually incurred, by way of example:

a. Defendants double-dipped for personnel reimbursement from Medicare at each facility by stating that, by way of example, it employed six full-time employees at its Romeo facility and six full-time employees at its Brighton facility when in fact they only had a total of six full-time employees thereby billing twice for the same set of employees.

40. Defendants engaged in fraud by having an aide run the Defendant LIVINGSTON COUNTY treatment facility approximately 90% of the time, rather than operating the facility with a required licensed physical therapist and, billed and fraudulently received Medicare payments despite their failure to adhere to such requirement.

41. Defendant MAHP's treatment facility in Romeo claimed to have been open 50 hours per week. However, it had one employee, Sue MacPherson, who was a part-time employee working 30 hours per week, who upon information and belief, billed for 160 to 170 patients per week. Each patient received approximately one hour to one hour and 10 minutes of therapy services. Obviously, this is a physically impossible feat to have accomplished.

42. Defendant DeYOUNG, authored a memo to Plaintiff RELATOR during the course of his employment advising him that he was over staffed for a specific week and was further advised that the facility should be able to bill for 120 patient visits for a week with one therapist and one physical therapy aide. Plaintiff RELATOR responded that this would be humanly impossible to provide one hour

9

to one hour and 10 minutes treatment for each patient in a 40 hour week with a staff of one therapist and one physical therapy aide.

43. Upon information and belief, Defendant MAHP, by Defendant PUTVIN, operated Defendant IN HOME and said facility had contracts with a number of hospitals in the metropolitan area, including Beaumont Hospital and Providence Hospital, to provide home health services through their respective home health agencies.

44. Upon information and belief, Defendant PUTVIN was barred from performing evaluations for these facilities and ultimately contracts were severed with these entities.

45. The fraudulent claims as set forth in this Complaint are approximately as follows:

### CLINTON TOWNSHIP FACILITY

a. From at least September 1997 through August 1999 there were 2,640 false claims submitted, calculated in the following manner:

    i. From September 1997 through December 1997 (12 weeks) approximately 27.5 patients would have been billed as Medicare patients (25% of 110 patients per week) 27.5 x 12 weeks = 333 claims;

    ii. For the time period of 1998 (52 weeks) 27.5 patients per week = 1,430 claims); and

    iii. From January 1999 through August 1999 (32 weeks) at 27.5 patients per week = 880 false claims for a total between September 1997 through August 1999 2,640 false claims.

b. Upon information and belief, each claim that was submitted to the Federal Government would have been in the amount of approximately $120 per visit or $316,800 in amounts wrongly paid by Medicare for the non-certified Medicare facility of the CLINTON TOWNSHIP facility;

### SOUTH MACOMB FACILITY

c.  Plaintiff RELATOR has every reason to believe, and does verily believe, that Defendants submitted or caused to be submitted false claims for the SOUTH MACOMB facility in a number similar to the number of false claims submitted for the CLINTON TOWNSHIP facility;

d.  Plaintiff RELATOR further states that these projected figures are <u>conservative</u> and that there may be a long-standing history of false claims and amounts wrongly paid via non-certified facilities being billed through certified facilities.

e.  In addition, based upon the statutory civil penalty of $10,000 for each false claim submitted and treble damages applied to the amount of the overpayments, Plaintiff RELATOR estimates the total amount to be recovered from Defendants is a minimum of $27,000,000 for the violations arising out of the CLINTON TOWNSHIP facility, only, and a like amount for the SOUTH MACOMB facility.

### AUTUMN WOODS

f.  Plaintiff is unable to quantify the number of false claims that were submitted by Defendants through its contract with Autumn Woods Nursing Home whereby Defendants either wrongly billed for services provided to patients at the nursing home or provided unnecessary services to patients including, but not limited to, physical therapy for a patient three times in one day.

### MACOMB COUNTY FACILITY

g.  Plaintiff is unable to provide a specific figure for the amount of over billing and the value of those false claims that emanated from the MACOMB COUNTY facility wherein a sole physical therapist, Sue MacPherson, worked part-time (30 hours) and billed for 160 to 170 patients per week. Plaintiff RELATOR can estimate that the Romeo office at most could have properly treated and billed for 50 to 60 patients per week thereby submitting false claims of at minimum 100 false claims per

11

week, with a percentage of those being allocated to Medicare, to be conservative 25%, 25 false claims per week billed to Medicare or, 2500 false claims from the Romeo office at $120 per claim or $300,000 wrongly paid from 9/97 to 8/99. Further, based upon the statutory civil penalty of $10,000 for each false claim submitted and treble damages applied to the amount of the over payments RELATOR estimates the total amount to be recovered from the Defendants is a minimum of $25,900,000 for the time period of September 1997 to August 1999 for the MACOMB COUNTY facility.

## MISCELLANEOUS FRAUDULENT CLAIMS/ACTS

46. Plaintiff RELATOR, upon information and belief, understands that Defendant MAHP, BRADLEY PUTVIN and perhaps other entities owned and operated by Defendant BRADLEY PUTVIN owned certain equipment and facilities which it did lease to other of its entities and did so at an inflated rate, resulting in a portion of costs being allocated to Medicare as an expense. Plaintiff is unable to quantify the amount of fraudulent claims submitted in this fashion nor the specific dollar value of each fraudulent claim submitted. So, too, Plaintiff, upon information and belief, understands that in addition to billing for services at non-certified sites, Defendants also billed Medicare for supplies at non-certified sites.

## COUNT I

## FALSE CLAIMS ACT – CONSPIRACY

47. Plaintiff RELATOR realleges and incorporates by reference paragraphs 1 through 46 of this Complaint, inclusive.

48. Defendants herein conspired to defraud the United States Government by causing false or fraudulent claims to be allowed and/or paid for the purpose of obtaining, or aiding to obtain the payment or approval by the United States Government of false or fraudulent claims.

12

49. The United States, unaware of the foregoing circumstances and the conduct of Defendants herein, made full payment which resulted in its being damaged in an amount to be determined.

## COUNT II

### FALSE CLAIM ACT – PRESENTATION OF FALSE CLAIMS

50. Plaintiff RELATOR realleges and incorporates by reference paragraphs 1 through 49 of this Complaint, inclusive.

51. Defendants knowingly presented or caused to be presented to an agency, officer, or employee of the United States false or fraudulent claims for payment, which were misallocations or misappropriation of federal funds inconsistent with the federal law governing Medicare as detailed in the preceding paragraphs of this Complaint.

52. The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payment which resulted in its being damaged in an amount to be determined.

## COUNT III

### FALSE RECORDS

53. Plaintiff RELATOR realleges and incorporates by reference paragraphs 1 through 52 of this Complaint, inclusive.

54. Defendants knowingly made, used, or caused to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the United States.

55. The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payments which resulted in its being damaged in an amount to be determined.

WHEREFORE, Plaintiff RELATOR on behalf of the United States demands judgment as follows:

a. Judgment against Defendants for treble damages, appropriate civil penalties as allowed by law, costs, attorney fees and any other relief that this Court deems proper; and

b. An order of partial distribution pursuant to 31 U.S.C. § 3730(d), to the Qui Tam RELATOR, ROBERT BAKER, equivalent to a percentage of the judgments recovered against Defendants plus his costs and attorney fees.

### DECLARATION

I DECLARE THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
ROBERT BAKER

Respectfully submitted,

**SOMMERS, SCHWARTZ,
SILVER & SCHWARTZ, P.C.**

_____
PATRICIA A. STAMLER (P35905)
JUSTIN C. RAVITZ (P19257)
Attorneys for Plaintiff
2000 Town Center
Suite 900
Southfield, MI 48075-1100
(248) 355-0300

DATE: October 3, 2000

14

JS 44C (Rev. 12/84)

COUNTY IN WHICH ACTION AROSE: MACOMB, OAKLAND AND LIVINGSTON

O'Meara/Morgan
00-74410

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
FILED UNDER SEAL
UNITED STATES OF AMERICA, ex rel,
ROBERT BAKER, Plaintiff Relator

**DEFENDANTS**
00-74410
FILED UNDER SEAL MICHIGAN ALLIED HEALTH PROFESSIONALS, INC, et al, defendants

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PATRICIA A. STAMLER (P35905)
JUSTIN C. RAVITZ (P19257)
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300

ATTORNEYS (IF KNOWN)
JOHN CORBETT O'MEARA
MAGISTRATE JUDGE MORGAN

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
This action is brought pursuant to 31 U.S.C. Sec. 3730 under the False Claims Act.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

CONTRACT: 150 Recovery of Overpayment & Enforcement of Judgment; 152 Recovery of Defaulted Student Loans; 153 Recovery of Overpayment of Veteran's Benefits

TORTS - PERSONAL INJURY: 340 Marine

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)
[X] 1 Original Proceeding

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 — DEMAND $

**VIII. RELATED CASE(S) IF ANY** JUDGE _____

DATE: 10-3-00
SIGNATURE OF ATTORNEY OF RECORD: Patricia A. Stamler

UNITED STATES DISTRICT COURT

---

Tot Amt: 150.00 CHCK
UNITED STATES DISTRICT COURT
DETROIT, MI
Receipt No. 200 606351
Cashier: schoen
Check Number: 162557
OB Code: Div Zip
46.30   2
Sub Acct Type Tender   Amount
1086900   $   60.00
5100000   $   50.00
Total Payment: $ 150.00
SOMMERS SCHWARTZ SILVER & SCHWARTZ
CIVIL FILING FEE 00-74410/O'MEARA/MOR
GAN